Filed 3/24/25  P. v. Robinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C100078 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2007-1655) |
| v. | |
| HERMAN RAY ROBINSON, | |
| Defendant and Appellant. | |

Defendant Herman Ray Robinson appeals following his resentencing under Penal Code section 1172.6.[1]  After concluding that Robinson was entitled to be resentenced, the trial court vacated his attempted murder conviction and redesignated that offense as assault with a semiautomatic firearm (§ 245, subd. (b)).  On appeal, Robinson contends,

---

[1] Undesignated statutory references are to the Penal Code.  Robinson filed his resentencing petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We cite to current section 1172.6 throughout this opinion.

and the People agree, that the trial court exceeded its authority in selecting that crime, instead of attempted carjacking, as the redesignated offense.

We accept the People's concession that the trial court chose an improper target offense to substitute for Robinson's attempted murder conviction. We therefore reverse the trial court's judgment and remand the matter for the trial court to redesignate the attempted murder conviction as attempted carjacking and to conduct a full resentencing. In light of that conclusion, we need not address Robinson's other challenges to his sentence.

BACKGROUND

I.

The following facts are drawn from our opinion in Robinson's prior appeal and the police records that Robinson's counsel stipulated contained the factual basis for his pleas. (*People v. Robinson* (Feb. 4, 2009, C058025) [nonpub. opn.].)[2]

One night in 2007, Robinson and two other gang members committed a series of crimes across Yolo County. The trio began by carjacking a GMC Yukon at gunpoint in West Sacramento. Several hours later, the three encountered a Cadillac Escalade at a gas station in Woodland. As the Escalade left the parking lot, the men gave chase in the Yukon. After a near collision, both vehicles stopped in the middle of the road, and the group exited the Yukon and ran toward the Escalade. One of Robinson's codefendants opened fire, striking the rear passenger side of the Escalade. The driver of the Escalade reversed and sped away. The trio later drove to Davis, where Robinson and one of his codefendants robbed a convenience store at gunpoint, using semiautomatic handguns. (*People v. Robinson*, *supra*, C058025.) Regarding the incident in Woodland involving the Escalade, the initial police report stated that "unknown suspect(s) attempted to

---

[2] We cite our prior appellate opinion only to summarize the background of this case. We do not rely on the facts set forth in that opinion to resolve the issues raised in this appeal.

carjack the victim and then shot at him," listing the offenses as carjacking (§ 215, subd. (a)) and attempted murder (§§ 187, subd. (a), 664).

In a third amended complaint filed in May 2007, the People charged Robinson and his codefendants with 10 offenses: carjacking (§ 215, subd. (a); count one), attempted murder (§§ 21a, 187, subd. (a), 664, subd. (a); count two), attempted carjacking (§§ 21a, 215, subd. (a), 664, subd. (a); count three), shooting at an occupied motor vehicle (§ 246; count four), second degree robbery (§§ 211, 212.5, subd. (c); counts five and eight), false imprisonment (§§ 236, 237, subd. (a); counts six and seven), attempted second degree robbery (§§ 21a, 211, 212.5, subd. (c), 213, subd. (b); count nine), and street terrorism (§ 186.22, subd. (a); count 10). The complaint also alleged firearm and criminal street gang enhancements. (§§ 186.22, subd. (b)(1), 12022.5, subd. (a), 12022.53, subd. (b).) The complaint identified the driver of the Escalade as the victim in both count two for attempted murder and count three for attempted carjacking. The People did not allege that the defendants committed assault with a firearm.

After negotiating a plea agreement, Robinson withdrew his original pleas of not guilty and entered new pleas of no contest to count one (the carjacking in West Sacramento), count two (the attempted murder in Woodland), and count five (the robbery in Davis). He also pleaded no contest to allegations of personal use of a firearm (§ 12022.53, subd. (b)) as to counts one and five and a gang enhancement (§ 186.22, subd. (b)(1)) as to count five. In exchange for his pleas, the People dismissed the remaining counts and enhancement allegations.

Consistent with the plea agreement, the trial court sentenced Robinson to a total of 25 years in state prison, consisting of consecutive terms of: five years for the carjacking in count one (the middle term), plus 10 years for the associated firearm enhancement; two years four months for the attempted murder in count two (one-third the middle term); and one year for the robbery in count five (one-third the middle term), plus three years four months for the associated firearm enhancement (one-third the 10-year enhancement)

3

and three years four months for the associated gang enhancement (one-third the 10-year enhancement).

Robinson appealed the restitution that was ordered as part of his sentence, and we affirmed.

## II.

In March 2022, Robinson filed a petition for resentencing under section 1172.6, asking the trial court to vacate his attempted murder conviction and resentence him. The prosecution agreed that Robinson had made the requisite prima facie showing (§ 1172.6, subds. (a) & (c)), and the trial court set the matter for an evidentiary hearing (§ 1172.6, subd. (d)(3)). The parties waived the hearing and stipulated that Robinson was eligible for relief, including a full resentencing. (See § 1172.6, subd. (d)(2).)

The parties filed several rounds of briefs ahead of the resentencing hearing. As relevant here, Robinson asked the trial court to recall the attempted murder conviction and "replace that conviction with the underlying crime of attempted carjacking alleged in count 3, of which the attempted murder would have been the natural and probable consequence." Robinson requested a consecutive 10-month sentence (one-third the middle term) for the substituted offense.

The prosecution agreed that the attempted murder conviction should be vacated but argued that it should be redesignated as assault with a semiautomatic firearm (§ 245, subd. (b)), rather than attempted carjacking, and urged the trial court to impose a two-year term (one-third the middle term) for the substituted offense. The prosecution argued that section 245, subdivision (b) was "the most logical and appropriate charge" based on the conduct reflected in the police reports forming the factual basis for the plea, which were attached as an exhibit.

At the November 2023 resentencing hearing, the trial court announced its tentative conclusion that it would redesignate the attempted murder conviction as assault with a semiautomatic firearm. Robinson's counsel objected to the addition of "a completely

4

new offense" and, citing section 1172.6, subdivision (e), urged the court to redesignate the attempted murder conviction as the originally charged target offense of attempted carjacking.

The trial court rejected Robinson's argument, concluding that section 1172.6, subdivision (e) did not limit its authority to select the target offense. After examining the record, the court found that the facts established all of the elements of assault with a semiautomatic weapon and that, of the two proposed target offenses, the facts fit assault more closely. Because "guns were being used all night long and they were used in" the attempted murder count (count two), "the most appropriate target offense [wa]s a gun offense and that's a [section ]245[, subdivision ](b)."

Regarding the remainder of Robinson's resentencing, the trial court struck the gang enhancement associated with count five after the prosecution elected not to retry that enhancement in light of an intervening change of law. (See *People v. Trent* (2023) 96 Cal.App.5th 33, 41-44.) The court otherwise maintained the original sentence, declining Robinson's requests to impose the low term on the principal carjacking count (count one) and to strike one or both firearm enhancements. Based on these conclusions, the court imposed a sentence of 21 years four months, consisting of consecutive terms of: five years for the carjacking in count one (the middle term), plus 10 years for the associated firearm enhancement; two years for the assault with a semiautomatic firearm redesignated as count two (one-third the middle term); and one year for the robbery in count five (one-third the middle term), plus three years four months for the associated firearm enhancement (one-third the 10-year enhancement).

Robinson filed a timely appeal.

## DISCUSSION

### I.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) "narrowed or eliminated certain forms of accomplice liability for murder," including "the use of the

5

natural and probable consequences doctrine to obtain a murder conviction." (*People v. Curiel* (2023) 15 Cal.5th 433, 440.) The enactment amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) Senate Bill No. 1437 also created a procedure for defendants convicted of murder under a now-invalid theory to retroactively petition for relief. (§ 1172.6; *Lewis*, at p. 957.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) expanded that process to include defendants convicted of manslaughter or attempted murder under the natural and probable consequences doctrine. (§ 1172.6, subd. (a); *People v. Das* (2023) 96 Cal.App.5th 954, 959.)

If a petitioning defendant establishes a prima facie case for relief, the trial court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d)(1).) The parties may waive the hearing "and stipulate that the petitioner is eligible to have the murder, attempted murder, or manslaughter conviction vacated and to be resentenced." (§ 1172.6, subd. (d)(2).) Absent such a stipulation, the prosecution bears the burden to prove at the evidentiary hearing, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under current law. (§ 1172.6, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*) In cases, however, where "murder or attempted murder was charged generically" and "the target offense was not charged," a "petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1172.6, subd. (e); see *People v. Arellano* (2024) 16 Cal.5th 457, 464, 469 (*Arellano*).) "What matters for purposes of subdivision (e)'s requirement that . . . the underlying felony or target offense 'was not

6

charged' is that the defendant was neither convicted of the underlying felony or target offense nor was either crime actually litigated." (*Arellano*, at p. 474, fn. 5.)

We review a trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847, superseded by statute on another ground as stated in *People v. Lynch* (2024) 16 Cal.5th 730.) Questions of statutory interpretation are reviewed de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

II.

We conclude that it was error to redesignate Robinson's attempted murder offense as a conviction for assault with a firearm under section 1172.6, subdivision (e) because assault with a firearm was not the target offense. Section 1172.6 neither defines "target offense" " 'nor specifies the process by which the court should identify that offense.' " (*People v. Fouse* (2024) 98 Cal.App.5th 1131, 1144.) But in a decision issued after the trial court's ruling here, the California Supreme Court explained that the phrase means " ' "the 'offense' upon which liability was based" ' " for the natural and probable consequences doctrine. (*Arellano*, *supra*, 16 Cal.5th at p. 475, quoting with approval *Fouse*, at p. 1144; see also *Arellano*, at p. 470 [term " 'target offense' refers to the offense the natural and probable consequence of which was murder"].) The "target offense" under section 1172.6, subdivision (e) is "the offense or felony that supported the prosecution's theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory in which malice is imputed based solely on [the] person's participation in a crime." (*Arellano*, at pp. 474, 475.)

Without the benefit of the state Supreme Court's decision in *Arellano*, *supra*, 16 Cal.5th 457, the trial court concluded that section 1172.6, subdivision (e) did not limit its authority to set the target offense and thus examined the record for itself to determine what target offense the record facts established. This was legal error. Although *Arellano* addressed the different question of whether resentencing courts may add new uncharged and unproven enhancements and allegations when redesignating, its reasoning makes

7

clear that the proper focus of redesignation under section 1172.6, subdivision (e) is the prosecution's actual theory of attempted murder liability. (See *Arellano*, at pp. 470, 475.) As Division Eight of the Second District Court of Appeal recently explained, "[u]nder *Arellano*, the target offense or underlying felony for purposes of section 1172.6, subdivision (e) is not any felony that could have been established by the evidence; it is the offense or felony that was the basis of the prosecution's theory of murder in the trial court." (*People v. Lara* (2025) 108 Cal.App.5th 1005, 1026.)

In restricting trial courts' redesignation discretion to impose new uncharged and unproven enhancements and allegations, the Supreme Court explained that the resentencing procedure prescribed by section 1172.6 is "limited." (*Arellano*, *supra*, 16 Cal.5th at p. 464.) The court "observed that section 1172.6, subdivision (d)(3) instructs the court to resentence a successful petitioner only on the remaining charges, 'not charges that *could have been* established by the evidence,' and noted nothing in section 1172.6 suggests a different rule when the trial court identifies the target offense or felony underlying a vacated conviction under section 1172.6, subdivision (e)." (*People v. Lara*, *supra*, 108 Cal.App.5th at p. 1021, quoting *Arellano*, at p. 470.) After examining the text, structure, and purpose of the statute, the court "deem[ed] it unlikely the Legislature intended to allow the prosecution to effectively revisit its charging decisions for the entire range of offense-specific sentencing allegations and enhancements every time a petitioner succeeds in setting aside a murder conviction under section 1172.6." (*Arellano*, at p. 476.) We believe the same logic applies to the question of selecting the target offense. (*Lara*, at p. 1026.) Accordingly, "[w]hatever flexibility and discretion the trial court has in redesignating an offense to its target offense or underlying felony, it does not confer the 'separate authority to search out and impose' convictions for additional offenses that are not the target offense or underlying felony of the vacated murder conviction." (*Ibid.*, quoting *Arellano*, at p. 474.)

8

Applying *Arellano*'s definition of "target offense," we agree with the parties that the record demonstrates that "the offense . . . that supported the prosecution's theory of . . . [attempted] murder under the natural and probable consequences doctrine" (*Arellano*, *supra*, 16 Cal.5th at pp. 474, 475) was attempted carjacking. As the People observe, the attempted murder charge in count two and the attempted carjacking charge in count three both identified the same victim: the driver of the Escalade. The two charges followed sequentially in the complaint. And one of the police reports, on which the parties relied for the factual basis of Robinson's no contest plea, described the Woodland incident involving the Escalade as a shooting and attempted carjacking and listed attempted murder as one of the offenses committed. By contrast, the third amended complaint did not charge Robinson with assault with a semiautomatic firearm (§ 245, subd. (b)), and we see no indication elsewhere in the record that the prosecution in 2007 intended that offense to be the target offense. It thus "seems doubtful," as the People put it, that "the prosecution's theory was that [Robinson] had committed an assault with a semi-automatic firearm, the natural and probable consequences of which was the attempted murder."

Finally, to the extent Robinson contends that the trial court was required to vacate his attempted murder conviction and resentence him, without redesignation, on the remaining charges under section 1172.6, subdivision (d), we disagree with that contention. Section 1172.6, subdivision (d) applies when the target offense of a now-invalid murder conviction was charged and litigated to verdict; in such cases, no redesignation of the vacated homicide conviction is needed. (See *People v. Fouse*, *supra*, 98 Cal.App.5th at p. 1146 [trial court erred in redesignating attempted murder convictions instead of simply vacating them under § 1172.6, subd. (d) where "target offenses were charged (and defendant was convicted thereof)"].)

The applicable provision in this case, however, was section 1172.6, subdivision (e), which applies when "murder or attempted murder was charged

9

generically" and "the target offense was not charged." The operative complaint in this case charged Robinson with attempted murder generically—that is, "not limited to any particular theory of liability." (*Arellano*, *supra*, 16 Cal.5th at p. 469.) And the target offense of attempted carjacking "was not charged" within the meaning of section 1172.6, subdivision (e). As noted above, "[w]hat matters for purposes of subdivision (e)'s requirement that . . . the underlying felony or target offense 'was not charged' is that the defendant was neither convicted of the underlying felony or target offense nor was either crime actually litigated." (*Arellano*, at p. 474, fn. 5.) Because the attempted carjacking charge was dismissed pursuant to the plea agreement and not litigated to finality, section 1172.6, subdivision (e) governs Robinson's resentencing, even though "an accusatory pleading did at one point charge the [target offense]." (*Arellano*, at p. 474, fn. 5.)

Under section 1172.6, subdivision (e), the trial court was required to redesignate Robinson's attempted murder conviction as attempted carjacking, as both parties agree. We therefore reverse and remand for it to do so. On remand, the trial court shall also conduct a full resentencing under current sentencing law. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) In light of this conclusion, we need not address Robinson's additional contentions that the trial court abused its discretion by declining to impose a lower term sentence on the principal carjacking count and declining to strike one or both firearm enhancements. (See *People v. Campbell* (2023) 98 Cal.App.5th 350, 392 [declining to address sentencing arguments appellant could raise at resentencing].)

## DISPOSITION

The redesignated assault with a semiautomatic firearm conviction (§ 245, subd. (b); count two) is reversed, and the matter is remanded. On remand, the trial court shall redesignate the vacated attempted murder conviction as attempted carjacking (§§ 21a, 215, subd. (a), 664, subd. (a)) and conduct a full resentencing. Following

10

resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


/s/
FEINBERG, J.


We concur:


/s/
DUARTE, Acting P. J.


/s/
MESIWALA, J.

11